UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. REISCHAUER,

        Plaintiff,

CASE NO. 07-CV-15067

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

-vs-

PERCY CONERLY, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

David J. Reischauer ("Plaintiff"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a related motion for this Court to retain jurisdiction over the case. Plaintiff alleges that the defendants have failed to comply with an order granting a conditional writ of habeas corpus which directed the State of Michigan to take steps to grant Plaintiff a direct appeal and to appoint appellate counsel to assist him with the appeal within ninety days of the issuance of the writ or to unconditionally release Plaintiff. Plaintiff seeks monetary damages and an injunction to enforce the conditional writ of habeas corpus. For the reasons stated below, the Court DISMISSES the Complaint for failure to state a claim upon which relief can be granted.

**I.    BACKGROUND**

On August 30, 2007, Judge Nancy G. Edmunds of this judicial district issued a conditional writ of habeas corpus in Plaintiff's favor and ordered that the State of Michigan release Plaintiff unless it took steps to grant him a direct appeal with the assistance of appointed

1

counsel, if Plaintiff could not retain counsel, within ninety days of the order. *Reischauer v. Lafler,* No. 06-13280, 2007 WL 2463325 (E.D. Mich. Aug. 30, 2007) (unpublished). Plaintiff now claims that the defendants have failed to comply with Judge Edmunds' conditional writ. Plaintiff currently has a motion for enforcement and execution of the court's order and a request for the issuance of an unconditional writ pending before Judge Edmunds, in which he essentially makes the same allegations that he has raised in the instant complaint.

## II.   ANALYSIS

### A.   Standard of Review

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### B.   Discussion

The pending civil rights complaint fails to state a claim upon which relief can be granted. Section 1983 permits a federal court to redress violations of the federal constitution, "but a writ of habeas corpus is not itself the Constitution." *Pacelli v. deVito*, 972 F.2d 871, 876 (7th Cir. 1992). "[I]t is just a judicial order – one based on the Constitution, to be sure, but standing apart

2

from the Constitution. Disobedience to the writ is contempt of court, not an independent violation of the Constitution." *Id.* Plaintiff is therefore unable to maintain a civil rights action against the defendants for their alleged failure to comply with Judge Edmunds' conditional writ.

Instead, Plaintiff's proper course of action is to seek enforcement of the conditional writ from Judge Edmunds, which he has apparently done. A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006).

### III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DISMISSES** Plaintiff's Complaint; and

(2) **DENIES** Plaintiff's request for this Court to retain jurisdiction in this matter (Doc. No. 3).

**SO ORDERED.**

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: December 10, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 10, 2007.

    s/Denise Goodine
    Case Manager